KELLY, Circuit Judge, concurring in the judgment. I write separately because I believe that the Sentencing Commission’s 2013 amendment to § 3E1.1 (Amendment- 775)- requires us to rethink our analysis of third-level reductions under § 3El.l(b). Amendment 775 .added the following admonition to § 3El.l’s commentary: “The government should not withhold ... a [third-level-reduction] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal.” See USSG § 3E1.1 cmt. n.6. In making the amendment, the Sentencing Commission considered Congress’s previous changes to § 3El.l(b) and found “no congressional intent to allow decisions under § 3E1.1 to be based on interests not identified in § 3E1.1.” USSG app. C at 45 (2013). The question in this case is whether avoiding a contested sentencing hearing is an interest “identified in § 3E1.1.” The court correctly notes that the Commission did not expressly exclude “contested sentencing hearings” from the interests “identified in § 3E1.1.” But other portions of § 3E1.1 and its accompanying commentary lead me to' believe that no interest “identified in § 3E1.1” is served by avoiding a contested sentencing hearing where non-frivolous objections are resolved by the court. Before a defendant is even eligible for a third-level reduction under § 3El,l(b), he first must qualify under § 3El.l(a) for a two-level reduction. USSG § 3El.l(b). He does so by “clearly demonstrating] acceptance of responsibility for his offense,” USSG § 3El.l(a). If he earns the two-level reduction, he can then receive an additional one-level reduction—but only if the government files a motion “stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.” USSG § 3El.l(b) (emphasis added). While only the government may file the § 3El.l(b) motion, it is the defendant who must first take expressly-identified steps: assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intent to plead guilty. Id.; see also USSG § 3E1.1 cmt. n.6 (“Subsection (b) provides an additional 1-level decrease in the offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection (a) and who has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps set forth in subsection (b).”). Subsection (b) stresses the importance of “permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.” USSG § 3El.l(b). While these are the ultimate goals of the subsection, the means by which (“thereby”) they are achieved are also expressly identified: by the defendant assisting in the investigation or prosecution of his own misconduct'by timely notifying authorities of his intent to plead guilty. Id; see also USSG § 3E1.1 cmt. n.6 (“Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.” (emphasis added)). Subsection (b) speaks of no other interests. In this case, the government argued that Jordan forced it to participate in a “mini-trial to get the four point enhancement,” and asserted that its decision not to move for the third-level reduction “had to do with the defendant not taking full responsibility for relevant conduct.” But a defendant who has not accepted responsibility for the offense of conviction, or who has falsely denied or frivolously contested relevant conduct, has likely not earned the two-level reduction under § 3El.l(a) in the first instance. See USSG § 3E1.1 cmt. n.l. The government is free to refuse a third-level reduction motion pursuant to any interest contained in § 3E1.1, but as acceptance of responsibility under § 3El.l(a) is an absolute prerequisite to eligibility for a third-level reduction, the government’s interest in acceptance of responsibility has already been satisfied by the time the third-level reduction comes into the picture. Nothing in the plain language of subsection (b) suggests consideration of the degree to which a defendant has accepted responsibility for the offense of conviction or some other relevant conduct. The government may conclude in a given case that it can more efficiently allocate its resources if the defendant concedes all of the enhancements it seeks, thus allowing it to avoid a “minitrial” at sentencing. But the government’s efficiency interest in § 3El.l(b) cannot be so broad that, a defendant who lodges a non-frivolous objection to a proposed sentencing enhancement risks losing the third-level reduction under § 3El.l(b) simply because the court holds, and the government participates in, a contested sentencing hearing. Because I agree, that any error was not “clear or obvious under current law,” Lovelace, 565 F.3d at 1092, however, I concur in the-judgment of the court.